## ADVERTISING CORP. OF AMERICA v. BROWN & BIGELOW.

### No. 2741.

United States District Court
D. Minnesota, Third Division.

Sept. 17, 1937.

Paul, Paul & Moore, Minneapolis, Minn., for defendant.

F. C. Caswell, Minneapolis, Minn., for plaintiff.

BELL, District Judge.

This cause having come on for hearing upon the Bill of Complaint, Answer and stipulated facts, and upon briefs of counsel, and the court, being fully advised in the premises, hereby makes the following Findings of Fact and Conclusions of Law under the provisions of Equity Rule 70½, 28 U.S.C.A.

### Findings of Fact

1. Plaintiff, Advertising Corp. of America (formerly The Diary Publishing Corporation) at the time of bringing this suit was a corporation under the laws of the State of New York having an office in the City of New York, State of New York.

2. Defendant, Brown & Bigelow, is a corporation duly incorporated and existing

under the laws of the State of Minnesota, having its principal office in the City of St. Paul, County of Ramsey and State of Minnesota.

3. This suit is under Revised Statutes 4915 of the Patent Laws of the United States, 35 U.S.C.A. § 63, and the provisions of Sections 6, 7 and 13 of the Trademark Act of February 20, 1905, as amended, 15 U.S.C.A. §§ 86, 87 and 93, now 15 U.S.C.A. §§ 1062–1064, 1066–1068, 1070.

4. Defendant is and · has been since March 1, 1920, when it adopted its trademark Remembrance Advertising and used the same in interstate commerce, the sole owner of said trademark for use in connection with advertising products, namely, art calendars, greeting cards, mottoes, blotters, pencils, memorandum pads, signs made of metal and celluloid, portfolios, pocketbooks, leather goods, leather covered receptacles such as portfolios, pocketbooks and brief cases; etchings, printed etchings, greeting cards, water-color prints, gravure etchings; desk and pocket novelties, combination coin purses, desk diaries, pocket diaries, memorandum books, bound in leather and imitation leather, desk appointment pads, desk blotters, personal paper cases, shopping list books, desk boxes for scrap memorandum papers, golf score memorandum books, signature blotters, wooden pencils, celluloid visiting cards, mechanical pencils, binders, rocker blotters, paper weights, bridge score memorandum books, desk sets, celluloid telephone indexes, telephone book holders, three-fold wallets, hip-fold wallets, leather license cases, valuable paper wallets, leather key cases, leather card cases, pocket and desk lighters, ash trays, pen and pencil desk sets, letter openers, rulers made of metal and celluloid, and such other advertising items as are given to the recipient by the donor as an advertising remembrance or reminder to the recipient of the donor.

5. The defendant is the owner of the trademarks registered in the United States Patent Office as follows:

No. 147,758, registered Nov. 1, 1921, for Remembrance Advertising;

No. 129,292, registered Sept. 26, 1922, for Remembrance Advertising;

No. 172,784, registered Sept. 11, 1923, for Remembrance Advertising;

No. 174,557, registered Oct. 23, 1923, for Remembrance Advertising;

No. 189,732, registered Sept, 23, 1924, for Remembrance Advertising;

No. 239,599, registered March 6, 1928, for Remembrance:

No. 283,431, registered May 26, 1931, for Remembrance.

All of the above trademark registrations are under The Trademark Act of February 20, 1905, 15 U.S.C.A. § 81, now 15 U.S.C.A. §§ 1051, 1054, 1126(b).

6. Defendant is now the owner of said trademarks Remembrance and Remembrance Advertising for advertising as set forth and the good will of the business pertaining thereto, by virtue of the use of said trademarks in interstate commerce throughout the United States.

7. The defendant has continuously sold advertising items with said trademarks Remembrance and Remembrance Advertising in interstate and foreign commerce, ever since the adoption of said trademarks on March 1, 1920, and has built up an extensive business in interstate and foreign commerce in the sale of its advertising items under said trademarks and has vigorously continued the exploitation of its advertising items under the said trademarks Remembrance and Remembrance Advertising in interstate and foreign commerce.

8. Since the adoption and use of said trademarks Remembrance and Remembrance Advertising by the defendant, in excess of a million dollars has been spent in the promotion of the trademarks and the good will of the defendant under said trademarks in interstate and foreign commerce.

9. The plaintiff (formerly The Diary Publishing Corporation) made application for trademark registrations in the United States Patent Office as follows:

| Serial Number | Goods | Filing Date |
|---|---|---|
| 277,751 | Tire Covers | Jan. 9, 1929 |
| 302,937 | Tire Covers | June 28, 1930 |
| 318,543 | Cigarette Lighters, Smokers, Ash Trays and Cigarette Cases | Aug. 29, 1931 |
| 318,544 | Wall Calendars and Posters | Aug. 29, 1931 |

and secured registered trademarks as follows:

No. 253,110, registered Feb. 19, 1929 for Reminder Advertising for advertising specialties in leather, metal and celluloid—namely, desk diaries, pocket diaries, and memorandum books bound in leather, imitation leather, or paper, desk appointment pads, desk blotters, personal-paper cases, shopping-list books, desk boxes for scratch memorandum papers, golf-score memorandum books, signature blotters, wooden pencils, celluloid visiting cards, mechanical pencils, binders, rocker blotters, glass paper-weights, bridge-score memorandum books, desk sets, celluloid telephone indexes, telephone-book holders.

No. 263,585, registered Nov. 5, 1929, for Reminder Advertising, for overalls.

No. 269,607, registered April 15, 1930, for Reminder Advertising for combination coin purposes, three-fold wallets, hip-fold wallets, leather license cases, valuable-paper wallets, leather key cases, leather card cases.

No. 278,627, registered Dec. 23, 1930, for Reminder Advertising for overalls.

10. The Commissioner of Patents held that the following trademark registrations shall be cancelled, namely:

No. 253,110, registered Feb. 19, 1929;
No. 263,585, registered Nov. 5, 1929;
No. 269,607, registered Apr. 15, 1930;
No. 278,627, registered Dec. 23, 1930.

11. The Commissioner of Patents held that the registration should be refused for the said trademark applications set forth in Finding No. 9, supra, namely applications Serial Numbers 277,751, 302,931, 318,543 and 318,544.

12. The plaintiff was aware of the defendant's trademarks Remembrance and Remembrance Advertising at the time that plaintiff selected or chose the term Reminder Advertising as a trademark, and defendant promptly opposed the registrations by the plaintiff of the trademark Reminder Advertising and made application for the cancellation of plaintiff's registered trademarks Reminder Advertising.

13. The defendant has committed no overt acts upon which the plaintiff is entitled to rely, either to secure or to maintain registration of the expressions Reminder or Reminder Advertising.

## Conclusions of Law

1. The Court has jurisdiction of the parties and of the subject matter of this suit.

2. The defendant's trademarks, namely: No. 147,758, registered November 1, 1931, Remembrance Advertising; No. 159,292, registered September 26, 1922, Remembrance Advertising; No. 172,784, registered September 11, 1923, Remembrance Advertising; No. 174,557, registered October 23, 1923, Remembrance Advertising; No. 189,732, registered September 23, 1924, Remembrance Advertising; No. 239,599, registered March 6, 1928, Remembrance, and No. 283,431, registered May 26, 1931, Remembrance, for advertising articles as listed therein are valid common law trademarks, duly registered under the United States Trademark Act of February 20, 1905.

3. The plaintiff is not entitled to secure registration for the following applications for trademarks, namely:

| Serial Number | Goods | Filing Date |
|---|---|---|
| 277,751 | Tire Covers | Jan. 9, 1929 |
| 302,937 | Tire Covers | June 28, 1930 |
| 318,543 | Cigarette Lighters, Smokers, Ash Trays and Cigarette Cases | Aug. 29, 1931 |
| 318,544 | Wall Calendars and Posters | Aug. 29, 1931 |

as provided by the Trademark Act of the United States relating to the grant of trademarks according to the Act of February 20, 1905, (as amended) Section 5(b), now 15 U.S.C.A. § 1052(b), and the oppositions thereto by the defendant and the decisions of the Commissioner of Patents are hereby sustained.

4. The plaintiff's trademarks, namely, Nos. 253,110, registered February 19, 1929, 263,585, registered November 5, 1929, 269,607, registered April 15, 1930, and 278,627, registered December 23, 1930, are invalid as provided by the Trademark Act of February 20, 1905 (as amended), Section 13, and the decisions of the Commissioner of Patents recommending the cancellation thereof is hereby sustained, and the Commissioner of Patents is directed to cancel said trademark registrations.

5. The trademarks Reminder Advertising or Reminder are deceptively similar to defendant's trademarks Remembrance and Remembrance Advertising, and are not entitled to registration in accordance with the Trademark Act of February 20, 1905 (as amended).

6. That defendant recover its costs from the plaintiff, said costs to be taxed by the Clerk of this Court.